Gus Getsos v. Commissioner. Ben Dranow v. Commissioner.
Getsos v. Commissioner
Docket Nos. 64197, 64249.
United States Tax Court
T.C. Memo 1959-7; 1959 Tax Ct. Memo LEXIS 244; 18 T.C.M. (CCH) 52; T.C.M. (RIA) 59007; January 21, 1959
*244 Clarence P. Brazill, Jr., Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The sole issue is the liability of each petitioner as transferee of the assets of Getsos & Dranow Corporation, for unpaid Federal income, declared value excess profits, and excess profits taxes, together with additions to tax for the fiscal years ended March 31, 1943 and 1944. Findings of Fact Petitioners were the equal owners of all of the stock of Getsos & Dranow Corporation, which was liquidated on March 31, 1949, at which time all of its net assets, in the amount of $138,016.08, were distributed to petitioners in equal shares, without consideration. The respondent determined deficiencies against Getsos & Dranow Corporation as follows: Income Tax
Over-
Addition
assess-
Year Ended
Deficiency
to Tax
ment Tax
Mar. 31, 1943
$1,837.92
None
Mar. 31, 1944
None
$ 66.26
$1,397.48
Declared Value Excess Profits Tax
Mar. 31, 1943
$ 209.26
None
Mar. 31, 1944
None
$ 117.26
Excess Profits Tax
Mar. 31, 1944
None
$1,453.33
$ 430.83
The respondent determined petitioners' transferee liability as follows: Income Tax
Addition
Year Ended
Deficiency
to Tax
Mar. 31, 1943
$1,837.92
None
Mar. 31, 1944
(1,667.35)
$2,125.93
Declared Value Excess Profits Tax
Mar. 31, 1943
$ 209.26
None
Mar. 31, 1944
None
$ 117.26
Excess Profits Tax
Mar. 31, 1943
None
None
Mar. 31, 1944
$ (430.83)
$1,555.32
*245 At the time of the foregoing distributions in liquidation, the taxes determined above against the corporation had accrued, and the corporation was left without assets to pay its liabilities. The deficiencies against the corporation were determined after 1949 and are still unpaid. By reason of the transfer to petitioners the corporation became insolvent and without assets with which to satisfy its outstanding tax liabilities. Petitioners are liable as transferees for the tax liabilities determined by the respondent. Opinion RAUM, Judge: There was no appearance on behalf of petitioners at the trial. Accordingly, the Government offered proof only as to their liability as transferees. No other burden remained upon it, as a result of petitioners' failure to present any evidence, and we are fully satisfied that it has met that burden. Our conclusion in this respect is reflected in our findings of fact. Decisions will be entered for the respondent.